**PERL–MACK HOMES, INC., et al.,
Plaintiffs,**

v.

**MOBILE CONCRETE, INC., et al.,
Defendants.**

**Civ. A. No. C–3410.**

United States District Court,
D. Colorado.

March 16, 1972.

Frederick L. Ginsberg, Aurora, Colo.,
George A. Holley, Wheat Ridge, Colo.,
Sheldon Silverman, Denver, Colo., for
plaintiffs.

William P. Denious, Holmes Bald-
ridge, Denver, Colo., for defendants.

## ORDER

CHILSON, Judge.

By this action, plaintiffs seek treble
damages for alleged violations of Section
1 of the Sherman Act, 15 U.S.C. § 1.
Jurisdiction is based upon 15 U.S.C. §
15, which provides that any person in-
jured in his business or property by rea-
son of anything forbidden in the anti-
trust laws, may sue in the United States
District Court for treble damages.

The essence of the complaint is that
plaintiffs are engaged in the construc-
tion industry, and as such are substan-
tial purchasers of Ready Mix Concrete;
that defendants are suppliers of this
product; that in 1968, defendants and
co-conspirators engaged in an unlawful
combination and conspiracy in restraint
of trade in violation of Section 1 of the
Sherman Act; that in pursuance of the
conspiracy, the defendants agreed to
raise and stabilize the price of Ready
Mix Concrete in the Denver area; to re-
frain from competition for customers;
limit the submission of bids for plain-
tiffs' business, and allocate predeter-
mined shares of the market among the
defendants; that the effect of the con-
spiracy has been to lessen competition;
that the acts of the defendants have re-

888

sulted in a restraint of inter-state trade and commerce because 43% of the cement used by defendants in the production of Ready Mix Concrete is produced in states other than the State of Colorado, and flows to the defendants in inter-state commerce.

 The defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted in that the allegations of the complaint are not sufficient to show a restraint on inter-state trade and commerce.

The Court has considered the motion to dismiss and the memorandum briefs filed in support of and in opposition thereto and determines that the allegations of the complaint, if proven, may be sufficient to entitle the plaintiffs to relief.

It is therefore ordered that the motion to dismiss is hereby denied.

 The defendants have also moved to strike sub-paragraphs 1 and 2 of paragraph IX of the complaint. These sub-paragraphs refer to a criminal and a civil action brought by the United States against the defendants, which charged the defendants with unlawful restraint of trade and commerce in the sale of Ready Mix Concrete in the metropolitan Denver area in violation of the Sherman Act. The criminal case, according to the complaint, was disposed of on a plea of nolo contendere; that the complaint is based in substantial part, on matters alleged in the Government proceeding, and those proceedings have the effect of tolling the running of the Statute of Limitations.

The applicable Statute of Limitations is four years. (15 U.S.C. § 15b) The complaint alleges the conspiracy began about the middle of 1968, and this action was instituted on September 22, 1971, well within the four-year Statute of Limitations, and it is not necessary for the plaintiff to rely upon the Government actions to prevent the foreclosure of this action by the running of the Statute of Limitations. Nor do the allegations contained in sub-paragraphs 1 and 2 of paragraph IX of the complaint serve any other purpose. A plea of nolo contendere in a criminal anti-trust case entered before the taking of evidence is a "consent decree" or "consent judgment" within the meaning of 15 U.S.C. § 16(a) and cannot be used as prima facie evidence in a private treble damage action. City of Burbank v. General Electric Co., 329 F.2d 825 (9th Cir. 1964), Armco Steel Corp., v. State of North Dakota, 376 F.2d 206 (8th Cir. 1967), Commonwealth Edison Co., v. Allis-Chalmers Manufacturing Co., 323 F.2d 412 (7th Cir. 1963), cert. denied 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659.

The motion to strike should be and is hereby granted.

It is further ordered that the defendants answer the complaint within fifteen days from this date.